UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ALLAN J. TANGUAY,**<br><br>Defendant. | Case No. 08-cr-271-RCL-5 |

**MEMORANDUM ORDER**

Pro se defendant/petitioner Allan J. Tanguay ("Tanguay") seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 543. A jury convicted Tanguay and his three co-defendants of conspiracy to impede the lawful collection of taxes and mail fraud in May 2010. Tanguay now argues that the United States lacked subject matter jurisdiction to try his case, his standby and appellate counsel were ineffective, the United States failed to present sufficient evidence of conspiracy and mail fraud, and his trial was improperly joined with his co-defendants. For the following reasons, Tanguay's motion will be dismissed as untimely under 28 U.S.C. § 2255(f).

**I.   BACKGROUND**

The Court of Appeals for the D.C. Circuit detailed the factual background of this case when consolidating Tanguay and his co-defendants' direct appeals. *See United States v. Hunter*, 554 Fed. App'x. 5 (D.C. Cir. 2014). Tanguay worked for American Rights Litigators ("ARL"), an organization which promoted and sold tax defiance schemes. *Id.* at 6. ARL co-founder Eddie Ray Kahn and his deputies Tanguay, Stephen Hunter, and Danny True were charged with conspiracy and mail fraud. *Id.* A jury convicted Tanguay and his co-defendants on all counts on May 26, 2010. Verdict Form, ECF No. 328. On August 30, 2010, this Court sentenced Tanguay,

1

Hunter, and True to concurrent terms of 120 months' imprisonment for mail fraud and 60 months for conspiracy, to be followed by three years of supervised release. *See Hunter*, 554 Fed. App'x. at 7. This Court also ordered Tanguay and his co-defendants to pay fines of $25,000 each. *Id.* Tanguay, Hunter, and True appealed, and the D.C. Circuit affirmed the convictions but remanded for resentencing due to an improper application of the manager–supervisor enhancement under § 3B1.1(b) of the United States Sentencing Guidelines. *Id.* at 11. On remand, this Court imposed the original sentences based on the seriousness of the crimes, evidenced by the fact that the ARL scheme had led to the conviction of thirteen other individuals. *United States v. Hunter*, 809 F.3d 677, 685 (D.C. Cir. 2016). Tanguay and his co-defendants again appealed, and the D.C. Circuit affirmed the judgment of this Court on January 12, 2016. *Id*.

Tanguay then appealed to the United States Supreme Court for review. Tanguay first stated that the Supreme Court denied his petition for writ of certiorari on June 30, 2016. Mot. To Vacate 2, ECF No. 543. However, a later section of his motion, the United States' response to Tanguay's motion, and the case record confirm that the Supreme Court denied Tanguay's petition on June 20, 2016. *Id*. at 16; Opp'n 3, ECF No. 544; *Tanguay v. United States*, 136 S. Ct. 2495 (2016). Tanguay placed the present motion in the prison mailing system on June 28, 2017, which the district court clerk received on July 10, 2017. Mot. to Vacate 1, 12, ECF No. 543. The United States filed their opposition to Tanguay's motion on July 18, 2017. Opp'n 7, ECF No. 544.

## II. LEGAL STANDARD

Section 2255 permits federal prisoners to collaterally attack an otherwise final sentence if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was imposed in excess of the

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The burden of proof is on the petitioner to demonstrate his right to relief under § 2255 by a preponderance of the evidence. *United States v. Basu*, 881 F.Supp.2d 1, 4 (D.D.C. 2012). The petitioner must "clear a significantly higher hurdle" when seeking collateral relief than he would on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). Indeed, claims not raised on direct appeal are generally barred outright "unless the defendant shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Ineffective assistance of counsel claims fall outside the bounds of this rule, however, as they may be raised in collateral proceedings under § 2255. *Id.* Still, a district court may deny a § 2255 motion without an evidentiary hearing when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996).

Section 2255 motions are also subject to a strict one-year time limitation. *Id.* § 2255(f); *see United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002). The limitation period is triggered by "the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f)(1)–(4).

### III. DISCUSSION

**A. Tanguay's Motion Is Procedurally Barred by the Statute of Limitations.**

Because Tanguay's motion does not reference a government-created impediment in violation of the Constitution or laws, a newly recognized right the Supreme Court made retroactively applicable to cases on collateral review, or a date when facts supporting the claim could have been discovered through the exercise of due diligence, the statute of limitations runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). The denial of a federal prisoner's petition for writ of certiorari is a final judgment. *See United States v. Rice*, 727 F. App'x 697, 701 (D.C. Cir. 2018); *see also Clay v. United States*, 537 U.S. 522, 527–28 (2003).

Tanguay's conviction became final on June 20, 2016 when the Supreme Court denied his petition for writ of certiorari. Therefore, Tanguay must have filed his motion on or before June 20, 2017 to comply with § 2255's one-year statute of limitations. Motions by pro se prisoners are considered filed when placed in the prison mailing system. *See Blount v. United States*, 860 F.3d 732, 741 (D.C. Cir. 2017) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). Tanguay attested to placing his motion in the prison mailing system on June 28, 2017. Mot. to Vacate 12, ECF No. 543. Because Tanguay filed his motion eight days after the one-year period, Tanguay's claims are barred by the statute of limitations.

**B. Tanguay's Motion is Not Subject to Equitable Tolling.**

Although Tanguay does not request equitable tolling, the Court addresses this ground because he is a pro se petitioner. Equitable tolling applies to 28 U.S.C. § 2255 motions. *See United States v. McDade*, 699 F.3d 499, 504 (D.C. Cir. 2012). The party making the § 2255 motion has the burden to demonstrate that he is entitled to equitable tolling. *See United States v.*

*Saro*, 252 F.3d 449, 454 (D.C. Cir. 2001). Equitable tolling is only appropriate if a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Head v. Wilson*, 792 F.3d 102, 106–07 (D.C. Cir. 2015) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013)). Extraordinary circumstances do not include a "'garden variety claim of excusable neglect' or a 'simple miscalculation.'" *Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 651 (2010)).

Tanguay's motion did not mention its untimeliness nor offer any explanation for why his motion was not barred by the statute of limitations. Mot. to Vacate 10–11, ECF No. 543. In fact, Tanguay was aware of both the date of final judgment and the one-year limitation period, as his supporting memorandum explicitly stated: "This motion is timely as Petitioner's conviction became final at the latest on June 20, 2016 . . . the Petitioner is required to file this motion to vacate within one year from the time judgment became final." Mot. to Vacate 15–16, ECF No. 543. Moreover, Tanguay did not indicate any impediments to his timely filing. Thus, Tanguay has not met his burden to demonstrate that he is entitled to equitable tolling.

**C. Tanguay's Motion Does Not Present New Evidence to Establish Actual Innocence.**

Tanguay claims that "newly discovered evidence, ineffective assistance of standby counsel, ineffective assistance of appellate counsel, and prosecutorial misconduct resulting in a manifest miscarriage of justice which will prove legal and actual innocence in this case warranting dismissal." Mot. to Vacate 16, ECF No. 543. This Circuit has recognized "actual innocence" as an exception to 28 U.S.C. § 2255's statute of limitations, but only when the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Adams v.*

*Middlebrooks*, 640 F. App'x. 1, 3 (D.C. Cir. 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence is considered "factual innocence, not mere legal sufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Lack of requisite intent does not constitute actual innocence. *See United States v. Merise*, No. CR 06-42-1 (JDB), 2020 WL 1930306, at *4 (D.D.C. Apr. 21, 2020) (referencing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Tanguay has not presented new evidence demonstrating actual innocence. Tanguay provided copies of Freedom of Information Act correspondence with the Department of Justice and Internal Revenue Service. Mot. to Vacate 59–67, ECF No. 543. These documents are irrelevant to any innocence and only potentially speak to Tanguay's lack of jurisdiction claim, which is time-barred under § 2255(f). Similarly, Tanguay's assertions of insufficient evidence to prove the required mens rea for the conspiracy and mail fraud charges simply challenge the legal elements of the crimes for which he was convicted rather than his actual innocence. *Id.* at 49.

## IV.   CONCLUSION

For the foregoing reasons, Tanguay's motion to vacate, set aside, or correct his sentence under 28 U.S.C § 2255 is hereby **DENIED**.

It is **SO ORDERED**.

**SIGNED** this 26th day of May, 2020.

*/s/ Royce Lamberth*
Royce C. Lamberth
United States District Judge